**INDEPENDENT LIVING AIDS, INC. and Marvin Sandler, Plaintiffs–Counter Defendants–Appellees,**

**v.**

**MAXI–AIDS, INC., Harold Zaretsky and Elliot Zaretsky, Defendants–Counter Claimants–Appellants,**

**Mitchell Zaretsky, Defendant–Counter Claimant,**

**Pamela Zaretsky–Stein, Defendant.**

**Docket No. 02–7968.**

United States Court of Appeals, Second Circuit.

May 30, 2003.

Michael D. Solomon, Levittown, N.Y. (Ronald Cohen, New York, NY), for Defendants–Counter Claimants–Appellants, of counsel.

Jack S. Dweck, The Dweck Law Firm, LLP, New York, NY, for Plaintiffs–Counter Defendants–Appellees.

PRESENT: STRAUB, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 30th day of May, two thousand three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby **AFFIRMED.**

Defendants–Counter Claimants–Appellants Maxi–Aids, Inc., Harold Zaretsky, and Elliot Zaretsky (collectively "Maxi–Aids") appeal from the July 5, 2002 order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge* ) modifying its January 24, 2002 Amended Judgment of Permanent Injunction. We affirm for substantially the reasons stated by the District Court.

*See Indep. Living Aids, Inc. v. Maxi–Aids, Inc.,* 208 F.Supp.2d 387, 394–95 (E.D.N.Y.2002).

Like Maxi–Aids, Plaintiffs–Counter Defendants–Appellees Independent Living Aids, Inc. and Marvin Sandler (collectively "ILA") specialize in the sale of products for the physically disabled. In 1995, ILA filed suit against Maxi–Aids alleging, *inter alia,* trademark infringement by Maxi–Aids in its advertising, catalog, and sales program. A jury ultimately found with respect to the trademark claims that although ILA held valid trademarks to the terms "Can Do Products" and "Independent Living Aids," Maxi–Aids had infringed only on ILA's logo. As a result of the jury's verdict, on October 24, 1998 the District Court entered a judgment of permanent injunction containing the following decretal language relevant to ILA's trademark claims:

[It is hereby] ORDERED, ADJUDGED AND DECREED: that the Plaintiff Independent Living Aids, Inc. is the owner of a valid common law trademark consisting of inverted triangles with the letters ILA inside of a diamond to the left of said triangles and the phrase "Independent Living Aids"; and it is further

ORDERED, ADJUDGED AND DECREED: that Defendants Maxi–Aids, Inc., Mitchell Zaretsky, Elliot Zaretsky and Pamela Zaretsky Stein, and each of them and their respective agents, officers, representatives, servants and employees and all persons acting in concert, or participating with them, be and they hereby are permanently enjoined from using the aforesaid ILA logo in connection with the sale, offering for sale, distribution, advertising or promotion of any of their products . . . .

The District Court amended the judgment of permanent injunction on January 24, 2002 for reasons not pertinent to this appeal; the above-quoted decretal language remained unchanged in the amended judgment.

It was not until March 2002 that the parties and the District Court realized that the above-quoted decretal language is ambiguous as to whether Maxi–Aids is enjoined from utilizing the phrase "Independent Living Aids" by itself and without the additional presence of ILA's logo. This realization arose in the context of a March 2002 motion by ILA for an order of contempt against Maxi–Aids. To fix the confusing decretal language, the District Court on July 5, 2002 prospectively modified the amended judgment as follows:

> [It is hereby] ORDERED, ADJUDGED AND DECREED: that the Plaintiff Independent Living Aids, Inc. is the owner of a valid common law trademark consisting of inverted triangles with the letters ILA inside of a diamond to the left of said triangles and **a valid common law trademark for** the phrase "Independent Living Aids"; and it is further
>
> ORDERED, ADJUDGED AND DECREED: that Defendants Maxi–Aids, Inc., Mitchell Zaretsky, Elliot Zaretsky and Pamela Zaretsky Stein, and each of them and their respective agents, officers, representatives, servants and employees and all persons acting in concert, or participating with them, be and they hereby are permanently enjoined from using the aforesaid (1) **the ILA logo which consists of the inverted triangles with the letters ILA inside of a diamond to the left of said triangles and (2) the phrase "Independent Living Aids"** in connection with the sale, offering for sale, distribution, advertising or promotion of any of their products....

208 F.Supp.2d at 394–95 (emphasis in original). The District Court acted pursuant to Fed.R.Civ.P. 60(b)(5), which permits a district court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding ... [when] it is no longer equitable that the judgment should have prospective application." On appeal, Maxi–Aids contends that the District Court erred in ordering the modification of the Amended Judgment of Permanent Injunction.

We review for abuse of discretion the grant or denial of relief under Fed. R.Civ.P. 60(b). *Rodriguez v. Mitchell,* 252 F.3d 191, 200 (2d Cir.2001). "It is, of course, well established that a district court has the power, in the exercise of its discretion, to modify its past injunctive decrees in order to accommodate changed circumstances." *Davis v. N.Y.C. Hous. Auth.,* 278 F.3d 64, 88 (2d Cir.2002); *see also United States v. Swift & Co.,* 286 U.S. 106, 114–15, 52 S.Ct. 460, 76 L.Ed. 999 (1932) ("A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need.... [A] court does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong." (citations omitted)). We may only set aside a district court's ruling under Fed.R.Civ.P. 60(b) if it is based on an erroneous view of the law or a clearly erroneous assessment of the facts. *See Rodriguez,* 252 F.3d at 200.

■ The District Court explained that the modification was necessary to render the permanent injunction consistent with the jury's finding that ILA owns a valid

trademark for the term "Independent Living Aids" alone. 208 F.Supp.2d at 394. Accordingly, the narrow issue on appeal is whether, as a historical matter, the jury did in fact make such a finding.[1] The whole of the record clearly supports the District Court. First, the charge instructed the jury that

> [i]n this case, the plaintiff ILA claims that it has the following trademarks "Independent Living Aids"[,] "ILA", and "Can Do" Products.
>
> In addition, the plaintiff ILA claims that it has a service mark which is the ILA in logo form.

Tr. at 3183. Second, the parties did not object to the above charge even though it was discussed in conference. Tr. at 2741–42. Third, the special verdict form specifically required the jury to make a finding–which the jury did so in the affirmative–as to whether the suggestive term "Independent Living Aids" by itself had acquired secondary meaning associated with ILA, thereby conferring upon ILA a trademark in the term. Given that the now-modified version of the Amended Judgment of Permanent Injunction does indeed more accurately reflect the jury's verdict, we find no abuse of discretion in the District Court's modification order.

1. This question is distinct from the underlying *merits* of the District Court's injunction, which was based on the jury's finding that the phrase "Independent Living Aids" has secondary meaning. Maxi–Aids argues that this was improper because the phrase is generic. But that factual argument was waived by Maxi–Aids when it expressly stipulated to the phrase's descriptiveness. *See e.g., Estate of Quirk v. Commissioner,* 928 F.2d 751, 759 (2d Cir.1991) (stipulation normally waives argument that could otherwise be litigated).

Additionally, we understand as purposefully case sensitive the District Court's use of the term "Independent Living Aids" in its modification order and previous judgments. Maxi–

For the reasons set forth above, the order of the District Court is hereby **AFFIRMED.**

Aids is thus enjoined from using the term "Independent Living Aids" but not the term "independent living aids." Although on appeal the parties adopt a non-case sensitive reading of the order, we discerned nothing in either the order itself or the record to support such a position. In any event, because the capitalization issue was not raised before the District Court, the ILA remains free under Fed.R.Civ.P. 60(b) to seek further modification of the Amended Judgment of Permanent Injunction so as to ensure that ILA's trademark additionally applies to the lower-cased term "independent living aids," if indeed it is so applicable.